Filed 10/2/20  In re B.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re B.S., a Person Coming Under the Juvenile Court Law. | C091502 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.S.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD237543) |

Appellant T.S., father of minor B.S., appeals from the juvenile court's orders terminating his parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  He contends the Sacramento County Department of Child, Family and Adult Services (Department) and juvenile court failed to comply with the inquiry and

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

1

notice requirements of the Indian Child Welfare Act (ICWA) because the Department did not adequately inquire into mother's claim of possible Blackfeet heritage. (25 U.S.C. § 1901 et seq.; § 224.2.) We conditionally reverse and remand the matter for further ICWA compliance.

BACKGROUND

The underlying facts of the dependency are not at issue and we do not recite them. We limit our recitation of the background to those facts relevant to the ICWA inquiry and noticing requirements.

On August 31, 2016, the Department filed a section 300 petition on behalf of the then eight-month-old minor which alleged, under subdivision (b), that mother had a substance abuse problem which had endangered the life and health of the minor. Father was incarcerated. Parents filed Parental Notification of Indian Status forms (Judicial Council Forms, form ICWA-020 (Jan. 1, 2008); hereafter ICWA-020 form) indicating neither had Indian heritage and the juvenile court found it had no reason to know the minor was an Indian child. The minor was detained.

The juvenile court assumed jurisdiction over the minor, adjudged the minor a dependent of the court, removed the minor from parental custody, and ordered family reunification services for both parents. In April 2017, parents had another child but no section 300 petition was filed. In May 2017, the juvenile court found parents' progress in their case plans to be significant and, at the November 2017 12-month review hearing, the minor was released to parents under a plan of family maintenance.

On August 13, 2019, the Department filed a section 387 supplemental petition on behalf of the minor alleging the placement with parents was not effective in protecting the minor as mother's substance abuse had again endangered the minor's life and health.

A section 300 petition was filed on behalf of the minor's sibling.[2] The detention hearing on the section 387 petition was held on August 20, 2019. Father continued to state he had no Indian ancestry, but Mother filed an ICWA-020 form wherein she claimed Blackfeet heritage. The juvenile court found that there was reason to believe the child may be an Indian child, ordered that the Department make further inquiries regarding the minor's possible Indian status, and further ordered the Department to provide notice as required by law if there was reason to know the minor was an Indian child. The minor was detained.

The Department's September 12, 2019, jurisdiction/disposition report outlined the Department's ICWA compliance efforts, all of which took place in September 2019. The social worker had attempted to call the maternal grandmother to inquire as to mother's Indian ancestry and to obtain identification information of other relatives. She left a voicemail. The social worker also attempted to call the maternal great-aunt and left a voicemail for her, as well. The social worker left a voicemail with the Bureau of Indian Affairs Pacific Regional Office (BIA) requesting a return call in an attempt to obtain assistance in identifying whether the minor, mother, or other relatives were enrolled members of a tribe or eligible for enrollment. She also sent a letter to the BIA informing it of the proceedings relating to the minor's sibling, and providing the BIA with known identification information for the minor's sibling, mother, and relatives, as well as the next hearing date. The social worker also spoke with the State Department of Social Services to conduct further ICWA inquiry. She was given contact information for the Child and Family Services Department but was unable to complete the call as an automated message stated, " 'Your number cannot be completed as dialed.' " Finally, the social worker attempted to contact the Blackfeet Tribe of Montana ICWA inquiry

---

[2] The minor's sibling is not a subject of this appeal.

technician, Mary Cooper, to inquire whether the minor, mother, or any relatives are enrolled members or eligible for enrollment with the tribe. She left a voicemail requesting a return call. She then sent a certified letter to Cooper which provided the minor's, minor's sibling's, mother's and relatives' known identification information, and requested information as to whether those individuals are enrolled members or eligible for membership.[3]

On October 10, 2019, the juvenile court proceeded with the contested jurisdiction/disposition hearing. The juvenile court sustained the petition, ordered the minor removed from parental custody, and set the section 366.26 hearing. A progress hearing was set to address a relative placement assessment "and ICWA with copies of the certified letters and information provided to the Tribes and the BIA."

On November 14, 2019, the Department filed a progress report which detailed the Department's further efforts at ICWA inquiry compliance. The Department reported that the social worker had telephone contact with the BIA staff on October 2, 2019, and was informed she would need to file the Notice of Child Custody Proceeding for Indian Child form (Judicial Council Forms, form ICWA-030) with the BIA. It was noted the Department was in the process of complying with that requirement. On the same date, the social worker had telephone contact with the State Department of Social Services to make further ICWA inquiry, was transferred to the Child and Family Services Department and spoke with a staff member who transferred her to the Tribal Affairs Department, where she left a voicemail requesting a return call.

On October 11, 2019, the social worker attempted to contact the State Department of Social Services Tribal Affairs Department and was directed to e-mail staff for ICWA inquiry. She sent an e-mail on the same date, requesting assistance in identifying any

---

[3]  A copy of this letter was not provided to the juvenile court or included in the record on appeal.

4

tribes with whom the minor or mother may be registered or enrolled. On October 14, 2019, she received a response from staff who indicated the tribes need to verify enrollment and that the State Department of Social Services Tribal Affairs Department was not able to assist with that. The social worker had already attempted to contact the Blackfeet Tribe of Montana ICWA inquiry technician on September 12, 2019, and had left a voicemail. She attempted to contact the tribe again on October 2, 2019, and was directed to their general voicemail where she left a message requesting a return call. On October 11, 2019, she left another voicemail for the Blackfeet Tribe of Montana ICWA inquiry technician, inquiring whether the tribe had received the certified letter regarding the ICWA inquiry and if a response letter had been sent.

On November 21, 2019, the Department filed an addendum which contained a copy of the certified letter it sent to the BIA in September 2019.[4] The addendum also provided a copy of the October 2019 e-mail correspondence between the social worker and the State Department of Social Services Tribal Affairs Department. On November 21, 2019, the juvenile court found the Department had completed a diligent, proper, and adequate further inquiry with due diligence and that the ICWA does not apply to the subject proceedings. Parental rights were terminated on February 6, 2020.

DISCUSSION

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (See 25 U.S.C. § 1902; *In re Levi U.* (2000) 78 Cal.App.4th 191, 195-196.) A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' (25 U.S.C. § 1901(3).)" (*In re A.W.* (2019)

---

[4] The addendum states it also attached a copy of the certified letter it sent to the tribe, but the letter is not attached to the copy contained in the record on appeal.

5

38 Cal.App.5th 655, 662.)  The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."  (25 U.S.C. § 1903(4).)  The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child.  (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

Section 224.2, subdivision (e) provides that if the court or social worker has *reason to believe* that an Indian child is involved in a proceeding, the court or social worker shall, as soon as practicable, make further inquiry regarding the possible Indian status of the child.  Further inquiry includes, but is not limited to:  (1) interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.3;[5] (2) contacting the BIA and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in; and (3) contacting the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility.  Contact with a tribe must, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices under the ICWA, and sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case.  (§ 224.2, subd. (e).)

Based on the record, the social worker made substantial efforts to make contact, gather and share information regarding the minor's possible Indian ancestry with the

---

[5] Section 224.3, subdivision (a)(5) includes the name, birth date and birthplace of the Indian child, if known; the name of the Indian tribe; and the names and other identifying information of the Indian child's biological parents, grandparents, and great-grandparents, if known.

BIA, the State Department of Social Services Tribal Affairs Department, and the Blackfeet Tribe of Montana. We reject father's contention that she was required to do more in this regard.

Father contends the juvenile court and Department failed to comply with the ICWA notice requirements set forth in section 224.3, subdivision (a). He is wrong. The requirements and authority relied upon by father apply when there is reason to know the child is an Indian child. Here, there was only reason to believe that the child may be an Indian child. He does not take into account the distinction between "reason to know" and "reason to believe." (See *In re M.W.* (2020) 49 Cal.App.5th 1034, 1041-1044.)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.,* subd. (e), italics added.) Third, if that further inquiry results in a *reason to know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.,* subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

Here, there was reason to believe the minor may be an Indian child, but not reason to know she is an Indian child.[6] Father concedes as much in his reply brief. Instead, he mutates his argument into a claim that, because the Department's inquiry was inadequate, the juvenile court's determination that there was no reason to know the minor is an Indian child was premature. Nonetheless, because there was not yet "reason to know" the minor is an Indian child, the Department was not required to notice any tribes in conformance with section 224.3, subdivision (a). Thus, we reject father's contention that the Department's notice to the tribe did not conform with the statutory requirements for formal notice.

We conclude that, despite the social worker's attempts to comply with the ICWA inquiry requirements, the inquiry was insufficient. As stated above, when there is reason to believe the minor may be an Indian child, the Department's inquiry must include interviewing the parents, Indian custodian, and extended family members to gather the information about tribal affiliations and ancestral identifying information required for formal notice under section 224.3. (§§ 224.2, subd. (e), 224.3, subd. (a)(5).) Here, the extent of such inquiry consisted of a single unreturned voicemail message for the maternal grandmother and another for the maternal great-aunt. There is no indication the social worker made a second attempt to contact either of these relatives to gather the

---

[6] "Reason to know" exists under any of the following circumstances: "(1) A person having an interest in the child, including the child, an officer of the court, a tribe, an Indian organization, a public or private agency, or a member of the child's extended family informs the court that the child is an Indian child[;] [¶] (2) The residence or domicile of the child, the child's parents, or Indian custodian is on a reservation or in an Alaska Native village[;] [¶] (3) Any participant in the proceeding, officer of the court, Indian tribe, Indian organization, or agency informs the court that it has discovered information indicating that the child is an Indian child[;] [¶] (4) The child who is the subject of the proceeding gives the court reason to know [he or she] is an Indian child[;] [¶] (5) The court is informed that the child is or has been a ward of a tribal court[;] [and] [¶] (6) The court is informed that either parent or the child possess an identification card indicating membership or citizenship in an Indian tribe." (§ 224.2, subd. (d).)

8

pertinent ICWA information. Additionally, over the course of these proceedings, the Department had contact information for another maternal great-aunt, a maternal great-uncle, and two maternal cousins, yet the record does not reflect any of these individuals were contacted to gather ICWA information. The record reflects the social worker had a conversation with the maternal grandmother on September 22, 2019, and maternal great-aunt on August 23, 2019, but it does not appear in the record that she asked either for any information about tribal affiliations or ancestral identifying information.

The Blackfeet Tribe of Montana was provided with the minor's, minor's sibling's, mother's, and relatives' known identification information. Although formal notice was not yet required, and the tribe did not identify any additional information as necessary for the tribe to make a membership or eligibility determination, we cannot know if any of these accessible relatives would have responded with ancestry information that would have assisted the tribe in determining whether the minor is a member or eligible for membership. Indeed, it is possible these relatives could have provided information about familial tribal enrollment or membership with the Blackfeet Tribe of Montana or another federally recognized tribe. There is no hard and fast rule on what efforts are enough but whatever the level of inquiry, it has to be sufficient to allow the juvenile court to make a decision that the efforts were reasonable. We decline to define the minimum efforts necessary to be considered reasonable. In this case, we conclude a single voicemail message for the maternal grandmother and a single voicemail message for the maternal great-aunt was not sufficient.

We conclude the Department should have made additional efforts to contact mother's known relatives and that remand is necessary for the Department to make further inquiry--including, but not limited to, making further efforts to contact known maternal relatives and, if successful, to provide any relevant information obtained to the BIA and any relevant tribe.

9

## DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for compliance with the inquiry and notice provisions of the ICWA. If, after further inquiry and notice, the juvenile court concludes that proper inquiry and notice has occurred and the minor is not an Indian child, the orders terminating parental rights shall be reinstated. If, after proper notice to the tribes, the juvenile court determines the ICWA applies because the minor is an Indian child, the juvenile court shall conduct a new section 366.26 hearing and proceed in accordance with the ICWA.

/s/
HOCH, J.

We concur:

/s/
RAYE, P. J.

/s/
RENNER, J.